UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:18-CV-173-GFVT-EBA

JEREMY D. CARAWAY,                                                                    PETITIONER,

V.                                    **RECOMMENDED DISPOSITION**

KATHY LITTERAL, *Warden*,                                                          RESPONDENT.

\*\*\* \*\*\* \*\*\* \*\*\*

## I. INTRODUCTION

After a two-day trial in Harlan Circuit Court, Jeremy D. Caraway ("Caraway") was convicted on one count of rape, one count of sodomy, and two counts of first-degree sexual abuse. He received a sentence of five years of incarceration on each count, for a total sentence of twenty (20) years imprisonment. His conviction was affirmed on direct appeal before the Kentucky Supreme Court. He then filed a motion to vacate the judgment and sentence pursuant to Kentucky Rule of Criminal Procedure, RCr 11.42, alleging ineffective assistance of counsel. Though the trial court denied his motion, the Kentucky Court of Appeals granted him relief on the charge of rape and on one of the counts of sexual abuse, but affirmed the lower court on Caraway's conviction for sodomy and on the other count of sexual abuse. This decision reduced Caraway's sentence of incarceration to ten (10) years imprisonment. After the Kentucky Supreme Court denied discretionary review, he brought this action under 28 U.S.C. § 2254 challenging his two remaining convictions, asserting that they were the product of ineffective assistance of counsel. Now, having reviewed the matter under the guidance of controlling law, the undersigned will **recommend** that his petition be denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts as summarized by the Harlan Circuit Court, the Kentucky Court of Appeals, and the Supreme Court of Kentucky are not in dispute and therefore shall be accepted as true.[1]

In May 2011, Caraway served as the pastor at Loyall Church of God in Harlan County, Kentucky. Sherry[2] was a member of the church and was thirteen years old at the time. Members of Sherry's family reported sexual misconduct between her and Caraway after discovering inappropriate electronic messages sent to the victim from Caraway.

Following a two-day trial, Caraway was found guilty of one count of second-degree rape, one count of second-degree sodomy, and two counts of first-degree sexual abuse. Caraway was sentenced to five-year prison sentences for each count, to be served consecutively for a total maximum sentence of 20-years imprisonment. On May 14, 2015, in a published opinion, the Kentucky Supreme Court upheld his conviction and sentence. *Caraway v. Commonwealth*, 459 S.W.3d 849 (Ky. 2015). [R. 14-3 at 68-80].

Following the higher court's decision, on December 28, 2015, Caraway filed a motion in the Harlan Circuit Court to vacate his judgment and sentence pursuant to RCr 11.42, alleging ineffective assistance of counsel. [R. 14-3 at 81-91]. On August 18, 2016, the Harlan Circuit Court overruled his motion for relief. [R. 14-3 at 90]. Caraway then appealed to the Kentucky Court of Appeals, arguing: first, that trial counsel was ineffective by failing to move the court to strike a particular juror; and second that trial counsel was ineffective by not

---

[1] Title 28, United States Code § 2254(e)(1) provides that a determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Baily v. Mitchell*, 271 F.3d 642, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 (6th Cir. 1989).

[2] To be consistent with the State Court record, "Sherry" is the pseudonym employed in their opinions to protect the identity of the minor victim. So, the same pseudonym will be used herein.

challenging the jurisdiction and venue for the sodomy charge and sexual abuse charge. [R. 14-3 at 107-09]. The Kentucky Court of Appeals granted him relief on his convictions for rape and one count of sexual abuse but denied him relief on the claims of ineffective assistance of counsel raised in this motion, leaving him with a total sentence of ten-years imprisonment. On March 14, 2018, the Kentucky Supreme Court denied his motion for discretionary review. [R. 14-3 at 163].

On June 7, 2018, Caraway filed the instant action under 28 U.S.C. § 2254. [R. 1]. Here, he raises the same two claims of ineffective assistance of counsel that were considered by the Kentucky Court of Appeals, but which allowed him no relief. His first claim is that trial counsel was ineffective by failing to strike a particular juror. [R. 1-1 at 4-10]. His second claim is that his trial counsel was ineffective by not challenging jurisdiction and trial venue. [R. 1-1 at 11-17]. The Commonwealth maintains that Caraway is not entitled to relief because the state courts' rulings denying him relief on these claims were not contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; nor were the state court's decisions based on an unreasonable determination of the facts in the light of the evidence presented. [R. 14].

For the reasons stated below, the undersigned agrees with the Commonwealth's propositions.

### III. STANDARD OF REVIEW

This Court is required to review Caraway's request for habeas corpus relief pursuant to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows state prisoners to seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, law or treaties of the

United States. 28 U.S.C. § 2254; *Reed v. Farley*, 512 U.S. 339, 347 (1994); *Felker v. Turpin*, 518 U.S. 651, 654 (1996). In relevant part, Title 28 of the United States Code § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication is "contrary to" U.S. Supreme Court precedent if the state court "arrives at a conclusion opposite to that reached by the [Supreme Court] on a question of law or if the state court decides a case differently than the [Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court adjudication is an "unreasonable application" of Supreme Court precedent if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not grant relief simply by concluding that the relevant state court decision applied clearly established federal law erroneously or incorrectly; the "application must also be unreasonable." *Id*. at 411. An unreasonable application of clearly established federal law occurs when the challenged state-court ruling rested on "an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013). Therefore, § 2254 creates a "highly deferential standard for evaluating state-court rulings,"

and demands that "state-court decisions be given the benefit of the doubt." *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011). Section 2254 has essentially erected a "formidable barrier" to federal habeas relief for those prisoners whose claims were fully adjudicated in state court, requiring they show that the state court's ruling "was so lacking in justification that there was an error . . . beyond any possibility for fair-minded disagreement." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

## IV. ANALYSIS

In his motion, Caraway claims that his attorney was ineffective in two ways: first, by failing to move the court to strike a particular juror; and second, by not challenging jurisdiction and venue. [R. 14-3 at 107-09].

Ineffective assistance of counsel ("IAC") is a constitutional ground on which a sentence may be challenged under Section 2255. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). In evaluating such a challenge, the Sixth Circuit applies the two-prong test established in *Strickland*. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *see also Strickland*, 466 U.S. at 687. Under *Strickland*, a defendant first must show his or her counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, a defendant must show that deficient performance actually prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id. Both* elements must be shown. Thus, not only must the attorney's performance have been deficient, but that specific deficiency must also have been the antecedent without which the Defendant's sentence would not have been imposed. *Id.*

Having defined the paramount test used by courts to evaluate IAC claims, because the issues before us have twice gone through a merits-review by the Kentucky state courts, this Court now construes the aforementioned IAC issues before us as *challenges* to the state courts' substantive rulings. As addressed below, Caraway's arguments fail, providing him no ground for relief.

### A. Failure to Strike Juror

Caraway's first claim is that his trial counsel was ineffective for failing to strike "Juror #367, Doretta Couch, who worked as a probation & parole officer" on the basis that she was biased against him. [R. 1-1 at 4]. The Kentucky Court of Appeals found that Caraway's trial counsel was "not ineffective for failing to strike Juror 367 for cause." [*Id*.]. He now challenges this ruling, arguing that the juror was "present at every pretrial/preliminary hearing where evidence was introduced," and that knowledge of this information made her unable to "render a fair and impartial verdict on the evidence." [*Id*.].

The relevant portions of the voir dire transcript states as follows:

| | |
|---|---|
| Judge: | Does anybody know anything about the events in this case? Or have you heard anything, read anything, or have any knowledge whatsoever about this case? |
| Prospective Juror: | I've been in court when [Caraway]'s come in for court [inaudible]. |
| Judge: | Do you know anything other than what you saw in the court proceedings? |
| Prospective Juror: | No. |
| Judge: | You didn't hear anything about the facts of the case, did you? |
| Prospective Juror: | No. |

| | |
|---|---|
| Judge: | Is there anything that you may have learned from that to cause you to favor or disfavor one side or the other? |
| Prospective Juror: | No. |

[A short time later, the conversation returned to Juror # 367:]

| | |
|---|---|
| Judge: | Does anyone have a connection to any of the attorneys in the case; Ms. West or the Commonwealth attorneys, as far as have they represented you in the past? Do they now? Have they been on the other side of a case from you? Or any involvement at all? |
| Juror 367: | I work in the court system. |
| Judge: | And what is your function in the court system? |
| Juror 367: | Probation and parole officer. |
| Judge: | And you worked with all of the attorneys involved in here? |
| Juror 367: | Yes. |
| Judge: | Would you tend to favor or disfavor one side or the other because of that? |
| Juror 367: | No. |

[R. 14-3 at 143-144].

The Kentucky Court of Appeals applied Kentucky's Rule of Criminal Procedure 9.36(1), which "provides that a juror should be stricken for cause 'when there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence.'" [R. 14-3 at 143]. The court also cited two cases: *Chatman v. Commonwealth*, 241 S.W.3d 799, 801 (Ky. 2007) and *McDaniel v. Commonwealth*, 341 S.W.3d 89, 92 (Ky. 2011). Both cases stand for the proposition that a trial court's decision on whether to strike a juror for cause rests in the sound discretion of the trial court. *See* R. 14-3 at 143. "In making its

determination, 'the court must weigh the probability of bias or prejudice based on the entirety of the juror's responses and demeanor.'" *Id*. (citing *McDaniel*, 341 S.W.3d at 92).

Explaining its justification, as to why disqualification was unnecessary, the court reasoned that Kentucky law does not require a juror be struck for cause when the appellant has not offered sufficient evidence to presume bias. *Id*. at 145 (citing *Grubb v. Norton Hosps., Inc.*, 401 S.W.3d 483, 486-87 (Ky. 2013)). Further, the court explained that disqualification of a juror is not required in every instance where a juror knows an attorney in a case. *Id*. at 146 (citing *Sholler v. Commonwealth*, 969 S.W.2d 706, 709 (Ky. 1998)). Lastly, the court stated that "the mere fact that [a juror works] as a probation and parole officer [does] not disqualify [them]." *Id*. (citing *Sanders v. Commonwealth*, 801 S.W.2d 665, 670 (Ky. 1990)).

Caraway's claim ultimately relies on the 6th Amendment to the United States Constitution, which holds that, "[i]n all criminal prosecutions, the accused shall enjoy…an impartial jury…." U.S. Const. amend. VI. Under federal law, prior knowledge of the existence of the case, or familiarity with the issues involved, or even some preexisting opinion as to the merits, does not in and of itself raise a presumption of juror bias. *DeLisle v. Rivers*, 161 F.3d 370, 382 (6th Cir. 1998). The prospective juror must be able to lay aside his or her impressions or opinions and render a verdict based upon the evidence presented in court. *Irvin v. Dowd*, 366 U.S. 717, 723 (1961). "The relevant question is 'did (the) juror swear that he could set aside any opinion he might hold and decide the case on the evidence and should the juror's protestation of impartiality have been believed.'" *Foley v. Parker*, 481 F.3d 380, 391 (6th Cir. 2007) (citing *Patton v. Yount*, 467 U.S. 1025, 1036 (1984)).

A juror's occupation as a law enforcement officer is not sufficient to excuse them for cause; nor does a juror's acquaintance with law enforcement establish bias as matter of law.

*Young v. Simpson*, No. 7-CV-378-JBC, 2009 WL 798787, *16 (E.D. Ky. March 24, 2009) (citing *Sanders v. Commonwealth, Ky.*, 801 S.W.2d 665, 670 (1990)). Juror #367 openly admitted to being a probation and parole officer and to previously working with the attorneys involved in Caraway's case. However, Juror #367 indicated that this would not make her favor or disfavor one side over the other. Thus, without a showing of how the juror was biased against him, Caraway has failed to show that her occupation created a bias, and that the state court's ruling, denying relief on this claim, is not unreasonable or contrary to law. *Taylor*, 529 U.S. at 413.

Under federal law absent a showing that (1) the juror was actually biased against him, and (2) that the voir dire testimony reveals that a fair trial was impossible, Caraway cannot show that his counsel was ineffective. *Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001); *Ritchie v. Rogers*, 313 F.3d 948, 952 (6th Cir. 2002). In the instance case, Caraway has not shown either here. Accordingly, absent additional facts showing that Juror #367 was actually biased against him and the voir dire testimony indicated that his trial was unfair, nothing in the lower court's decision on this issue was contrary to or an unreasonable application of clearly established federal law. Consequently, this claim allows Caraway no relief.

### B. Failure to challenge venue and jurisdiction

Caraway's second argument is that his counsel was ineffective for failing to challenge venue and argues the that the state trial court lacked jurisdiction. As stated previously, the Kentucky Court of Appeals formerly examined these issues, and concurred with the lower court's assessment [R. 14-3 at 142].

### 1. Improper venue

In reviewing Caraway's RCr 11.42 motion for relief, the Harlan County Circuit Court explained as follows:

> Caraway states that the Commonwealth failed to prove the crime actually occurred in Cawood, Kentucky, instead of Virginia, which is two miles from the location of the crime and that his attorney should have objected and challenged the Commonwealth's jurisdiction over the crime. The victim was 13 years-old when she was raped, she is a resident of Harlan County, has friends in Cawood, Kentucky, and testified she was raped there. There is no reason whatsoever to believe the crime was committed in Virginia.

[R. 14-3 at 82-83].

Acknowledging the lower circuit court's assessment, the Kentucky Court of Appeals explained that "the evidence provided by Sherry in this case, combined with the presumption that the trial occurred in the appropriate county, was sufficient to satisfy the 'slight' evidence required to establish venue." [R. 14-3 at 142 (citing KRS 452.510; *Bedell*, 870 S.W. 2d at 781)]; *see Langston v. Com.*, No. 2004-SC-202-MR, 2005 WL 2045388, *1-2 (Ky. Aug. 25, 2005) ("A.R.'s testimony, along with the presumption that a trial is held in the appropriate county, does create the slight evidence needed to sustain venue."). The court applied Kentucky Revised Statute 452.510 to its inquiry. "KRS 452.510 provides that the venue of a criminal prosecution is in the county in which the offense was committed." *Id*. The court also cited to *Bedell v. Commonwealth*, 870 S.W.2d 779, 781 (Ky. 1993), which held that "the presumption is that a trial was held in the appropriate county … only slight evidence is required to sustain the venue." *Id*. Based on the testimony of Sherry, the Court determined that the evidence was "sufficient to satisfy the 'slight evidence' required to establish venue." *Id*.

The "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (citing *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205 (2nd Cir. 1969)). "A state court's interpretation of state law … binds a federal court sitting in habeas corpus." *Davis v. Rewerts*, No. 18-1822, 2018 WL 7050237, at *2 (6th Cir. Dec. 19, 2018) (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)). "This is because 'state courts are the ultimate expositors of state law.'" *Id*. (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Thus, "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Davis v. Burt*, No. 18-1515, 2018 WL 5821722, at *5 (6th Cir. 2018) (citing *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001); *Egeler*, 532 F.2d at 1059). The Supreme Court has "reemphasized that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal courts are also bound by decisions of an intermediate state appellate court unless convinced that the highest state court would decide the issue differently. *Hess v. Money*, No. 93-4395, 1994 WL 174197, at * 2 (6th Cir. May 6, 1994) (citing *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988); *See also Evans v. Mitchell*, 344 Fed. App'x 234, 239 (6th Cir. 2009) (citing *Haliym v. Mitchell*, 492 F.3d 680, 700 (6th Cir. 2007) (State supreme court's factual findings made in connection with a state evidentiary issue are binding upon the federal habeas court "absent clear and convincing evidence to the contrary.")).

Here, the Kentucky Court of Appeals found the evidence sufficient to determine that the offense was committed in Cawood, Kentucky (*see* R. 14-3 at 142). Now on federal habeas review, Caraway has offered no evidence that the rulings lacked justification, were in error,

or present any disagreement. Accordingly, because these jurisdiction and venue inquiries were fully adjudicated on the merits in the Kentucky state court, Caraway's first claim that Kentucky did not have jurisdiction, or that Cawood was an improper venue, must fail.

### 2. Procedural default of Caraway's change of venue challenge

Lastly, Caraway argues that his counsel should have argued for a change of venue. [R. 1-1 at 16]. On this basis, he claims that everyone in town was fully informed of the facts, and hence, the high-publicity nature of the case prevented him from having a fair trial. [*Id*.]. Caraway raised this issue solely on discretionary review before the Kentucky Supreme Court, after the Kentucky Court of Appeals denied his RCr 11.42 Motion. [R. 14-3 at 160; R. 14-3 at 163 (Kentucky Supreme Court Order denying discretionary review)]. Thus, this claim was never properly presented before the Kentucky state courts.

Claims that have not previously been presented to the state courts for adjudication, are not properly exhausted and cannot thus serve as formidable challenges in federal habeas petitions. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). This means that both the factual and legal bases must have been presented to the state courts in order to be considered "fairly presented." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). Caraway bears the burden of proving that he has exhausted those remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Ostensibly, as Caraway has not pursued this claim previously, it is procedurally defaulted. In spite of this, even *assuming* that Caraway had not defaulted on this issue, he nonetheless has failed to support this claim with the facts necessary to show that he was entitled to a change of venue and that such a motion would have been granted. For a change of venue to be granted there must be a showing that: (1) there has been prejudicial news coverage; (2) it occurred prior to trial; and (3) the effect of such news coverage is reasonably

likely to prevent a fair trial. *Wilson v. Commonwealth, Ky.*, 836 S.W.2d 872 (1992). Prejudice resulting from pretrial publicity can be presumptive or actual. *Joseph v. Coyle*, 469 F.3d 441, 468 (6th Cir. 2006). "The category of cases where prejudice has been presumed in the face of juror attestation to the contrary is extremely narrow. Indeed, the few cases in which the court has presumed prejudice can only be termed extraordinary, and it is well-settled that pretrial publicity itself— 'even pervasive, adverse publicity—does not inevitably lead to an unfair trial.'" *DeLisle v. Rivers*, 161 F.3d 370, 382 (6th Cir. 1998) (citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976)). "In the absence of presumptive prejudice, voir dire is the 'primary tool for discerning actual prejudice.'" *United States v. Sypher*, 684 F.3d 622, 627 (6th Cir. 2012) (citing *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007)). "Mere prior knowledge of the existence of the case, or familiarity with the issues involved, or even preexisting opinion as to the merits, does not in and of itself raise a presumption of jury taint…." *DeLisle*, 161 F.3d at 382. "Rather, 'the relevant question is did the juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed.'" *Campbell v. Bradshaw*, 674 F.3d 578, 594 (6th Cir. 2012) (citing *Foley*, 488 F.3d at 387).

This is not an extraordinary case of prejudicial pretrial publicity. In the instant action, Caraway has not provided *any* evidence which exhibits the presence of prejudicial news coverage, occurring throughout all stages of his trial. Accordingly, he has not suffered presumptive prejudice, and thus, in order for Caraway to have properly succeeded, he would have needed to show actual prejudice. This was not shown. *See Sypher*, 684 F.3d at 627. Caraway raised only contentions with one juror, #367, which he felt should have been excused. Notwithstanding, this juror was not dismissed. *See* R. 14-3 at 143-46. Without more,

Caraway fails to show any actual prejudice. *White v. Mitchell*, 431 F.3d 517, 531 (6th Cir. 2005) ("A trial court's finding of juror impartiality may only be overturned where manifest error is present.").

For these reasons, counsel was not ineffective for not pursuing a change of venue because it was also a meritless claim.

### V. CONCLUSION

Though *pro se* pleadings by a petitioner are held to a less stringent standard than those drafted by attorneys, there can be no doubt that the claims presented before us offer Caraway any opportunity for habeas relief. As such, for the reasons stated herein, it is **RECOMMENDED** that Caraway's Motion to Vacate, [R. 1], be **DENIED WITH PREJUDICE**.

\* \* \* \* \*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 28th day of May, 2019.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge