UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KATHY LITTERAL, Warden, ) | |
| ) | |
| Plaintiff/Respondent, ) | Civil No.: 6:18-cv-00173-GFVT-EBA |
| ) | |
| V. ) | |
| ) | **ORDER** |
| JEREMY D. CARAWAY, ) | |
| ) | |
| Defendant/Petitioner. ) | |

*** *** *** ***

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 17.] Defendant Jeremy D. Caraway filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1.] Consistent with local practice, Judge Atkins reviewed the motion and prepared a Recommended Disposition. [R. 17.] Mr. Caraway filed a Response to Judge Atkins Recommendation stating his objections. [R. 21.]

After considering the record, Judge Atkins determined that Mr. Caraway is not entitled to relief under 28 U.S.C. § 2254. Specifically, Judge Atkins found that Mr. Caraway could not establish that his counsel's actions fell below professional standards, and therefore, his claims for ineffective assistance of counsel are without merit. [R. 17.] Furthermore, Judge Atkins found that Mr. Caraway's argument that his counsel should have argued for a change of venue was never properly presented before the Kentucky state courts, and therefore could not be considered in this federal habeas proceeding. [R. 17 at 12; *see Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after

service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mr. Caraway's objections, even under the less stringent standard applied to pleadings made by *pro se* litigants, are not sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Rather than identifying those specific factual or legal issues, he reiterates the same arguments he presented in his initial petition. [*Compare* R. 1 *with* R. 21.] Even so, the Court has reviewed Judge Atkin's Recommendations and agrees with his conclusions. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Caraway's § 2254 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

    1.    Defendant Jeremy D. Caraway's Objections [**R. 21**] are **OVERRULED**;

    2.    Magistrate Judge Edward B. Atkins Report and Recommendation [**R. 17**] as to Defendant Jeremy D. Caraway is **ADOPTED** and for the Opinion of the Court;

    3.    Defendant Jeremy D. Caraway's Petition for habeas corpus relief pursuant to §

2254 [**R. 1**] is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 10th day of July, 2019.

Gregory F. Van Tatenhove
United States District Judge